IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VANDA PHARMACEUTICALS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-690 (CFC) |
| | ) | |
| MSN PHARMACEUTICALS INC. AND | ) | |
| MSN LABORATORIES PRIVATE | ) | |
| LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vanda Pharmaceuticals Inc. ("Vanda") for its First Amended Complaint against Defendants MSN Pharmaceuticals Inc. ("MSN Pharmaceuticals") and MSN Laboratories Private Limited ("MSN Labs") (collectively, "MSN") alleges as follows:

### I.   THE PARTIES

1.      Plaintiff Vanda is a Delaware corporation with its principal place of business at 2200 Pennsylvania Ave. NW, Suite 300E, Washington, DC 20037.   Vanda is a pharmaceutical company that focuses on the development and commercialization of new medicines to address unmet medical needs, including HETLIOZ® (tasimelteon oral capsules), for the treatment of Non-24-Hour Sleep-Wake Disorder ("Non-24").

2.      On information and belief, MSN Pharmaceuticals is a Delaware limited liability company, with its principal place of business at 343 Thornall Street, Suite 678, Edison, New Jersey 08837.

3.      On information and belief, MSN Labs is an Indian corporation, having a place of business at MSN House Plot No: C-24, Industrial Estate, Sanathnagar Hyderabad - 18, Telangana, India.

4.     On information and belief, MSN Pharmaceuticals is a wholly owned subsidiary of MSN Labs.

5.     On information and belief MSN Pharmaceuticals is the designated U.S. agent for MSN Labs in accordance with 21 C.F.R. § 314.50(a) in connection with Abbreviated New Drug Application No. 211654 (the "MSN ANDA").

6.     On information and belief, MSN Pharmaceuticals is a generic pharmaceutical company that manufactures and distributes generic pharmaceutical products for sale in the State of Delaware and throughout the United States in concert with MSN Labs.

7.     On information and belief, MSN Pharmaceuticals and MSN Labs acted in concert to prepare and submit the MSN ANDA.

## II.     NATURE OF THE ACTION

8.     This is an action arising under the patent laws of the United States (Title 35, U.S. Code, §§ 100, *et seq*.) based upon MSN's infringement of one or more claims of Vanda's U.S. Patent Nos. RE46,604 ("the RE604 patent"); 9,060,995 ("the '995 patent"); 9,539,234 ("the '234 patent"); 9,549,913 ("the '913 patent"); 9,730,910 ("the '910 patent"); and 9,855,241 ("the '241 patent") (collectively "the Asserted Patents"), which, in relevant part, generally relate to the use of tasimelteon in the treatment of Non-24, and based upon MSN's infringement of one or more claims of Vanda's U.S. Patent No. 10,071,977 ("the '977 patent"), which, in relevant part, generally relates to purified tasimelteon and processes for preparing the same.

9.     Vanda is the holder of approved New Drug Application No. 205,677 for Hetlioz® (tasimelteon) capsules, 20 mg, which was approved by the Food and Drug Administration ("FDA") on January 31, 2014, for the treatment of Non-24 ("HETLIOZ® NDA").

10.     Tasimelteon is the active ingredient in HETLIOZ®.

11.     On information and belief, MSN filed the MSN ANDA No. 211654 under § 505(j) of the Federal Food, Drug, and Cosmetic Act (the "FFDCA"), to obtain approval to

commercially manufacture and sell generic tasimelteon capsules in its 20 mg strength for the treatment of Non-24 ("MSN ANDA Product").

12.     On information and belief, MSN made and included in its ANDA a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification") that, in its opinion and to the best of its knowledge, the Asserted Patents are invalid, unenforceable, and/or that certain claims will not be infringed by MSN's ANDA Product.

13.     Vanda received written notice of MSN's ANDA and Paragraph IV Certification as to the Asserted Patents on April 2, 2018 ("Notice Letter"), along with an enclosed statement of MSN's alleged factual and legal bases for stating that the Asserted Patents are invalid, unenforceable, and/or will not be infringed by MSN's ANDA Product ("Detailed Statement").

14.     MSN's Detailed Statement does not provide any separate factual bases for stating that the Asserted Patents will not be infringed by MSN's ANDA Product apart from arguing that the Asserted Patents are invalid.

15.     MSN's Detailed Statement does not provide any factual bases for stating that the Asserted Patents are unenforceable.

16.     This action is being commenced within 45 days of receipt of MSN's Notice Letter.

17.     MSN has infringed one or more claims of each of the Asserted Patents and the '977 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the MSN ANDA with a Paragraph IV Certification and seeking FDA approval of the MSN ANDA prior to the expiration of the Asserted Patents or any extensions thereof.

18.     MSN has infringed one or more claims of each of the Asserted Patents and the '977 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of the filing of the MSN ANDA seeking FDA approval to commercially manufacture, use, offer for sale, sell, distribute in, or import into the

United States generic tasimelteon for the treatment of Non-24 prior to the expiration of the Asserted Patents and the '977 patent or any extensions thereof.  MSN will infringe one or more claims of each of the Asserted Patents and the '977 patent under 35 U.S.C. § 271(a), (b), (c), or (g) should it engage in, induce, or contribute to the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 prior to the expiration of the Asserted Patents and the '977 patent or any extensions thereof.

### III.    JURISDICTION

19.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has subject matter jurisdiction over Vanda's patent infringement claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

20.    This Court has personal jurisdiction over MSN Pharmaceuticals because MSN Pharmaceuticals is organized under the laws of the State of Delaware.

21.    On information and belief, MSN Pharmaceuticals is registered to conduct business within the State of Delaware (File No. 5454849). *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (accessed on April 6, 2018).

22.    On information and belief, MSN Pharmaceuticals maintains as a registered agent for service of process United States Corporation Agents, Inc., with an address at 300 Delaware Ave, Suite 210-A, Wilmington, DE 19801.

23.    This Court has personal jurisdiction over MSN Labs under Fed. R. Civ. P. 4(k) because, on information and belief, MSN Labs is organized under the laws of India.

24.    This Court has personal jurisdiction over MSN Labs because at least one of the provisions under Del. Code Ann. tit. 10, § 3104, is satisfied.  On information and belief, MSN Labs satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State), and §

3104(c)(4) "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State").

25.     This Court also has personal jurisdiction over MSN Labs because this suit arises out of and relates to MSN Labs's activities, in concert with MSN Pharmaceuticals, that are, and will be, directed to Delaware.  On information and belief, following any FDA approval of the MSN ANDA, MSN Labs, in concert with MSN Pharmaceuticals, will market and sell the generic product that is the subject of the infringement claims in this action in the State of Delaware and throughout the United States, including this judicial District.

26.     On information and belief, MSN Labs, directly and through its subsidiaries, affiliates, or agents, including MSN Pharmaceuticals, is in the business of manufacturing generic pharmaceuticals that it distributes or has distributed in the State of Delaware and throughout the United States.

27.     MSN Pharmaceuticals and MSN Labs, acting in concert, have committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Vanda, which manufactures HETLIOZ® for sale and use throughout the United States, including in this judicial District.

28.     On information and belief, and as indicated by the Notice Letter, MSN Pharmaceuticals and MSN Labs, acting in concert, prepared and filed ANDA No. 211654 with the intention of seeking to market generic tasimelteon nationwide, including within this judicial District.

29.     On information and belief, MSN plans to market and sell generic tasimelteon in the State of Delaware, list generic tasimelteon on the State of Delaware's prescription drug

formulary, and seek Medicaid reimbursement for sales of the ANDA Product in the State of Delaware, either directly or through one or more of MSN's subsidiaries, agents, and/or alter egos.

30.     On information and belief, MSN knows and intends that its proposed generic tasimelteon product will be distributed and sold in Delaware and will thereby displace sales of HETLIOZ®, causing injury to Vanda.  MSN intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed generic tasimelteon product.

31.     This Court also has personal jurisdiction over MSN Labs by virtue of, *inter alia*, its activities, in concert with MSN Pharmaceuticals (*e.g.*, filing the MSN ANDA seeking approval to market generic tasimelteon prior to the expiration of the Asserted Patents along with a Paragraph IV Certification regarding the Asserted Patents and sending notice of that Paragraph IV Certification), which were purposefully directed to the State of Delaware.  Vanda is incorporated in Delaware, and thus the consequences of MSN Labs's actions were (and will be) suffered in Delaware.  MSN Labs knew or should have known that Vanda is a Delaware corporation and thus MSN Labs knew or should have known that the consequences of its actions were (and will be) suffered in Delaware.

32.     This Court also has personal jurisdiction over MSN Labs because MSN Labs's contacts within this judicial District are continuous and systematic.  On information and belief, MSN Labs, in concert with MSN Pharmaceuticals, develops, manufactures, seeks approval for, and sells FDA-approved generic pharmaceutical drugs, which are being marketed, distributed, and sold in Delaware and throughout the United States.  Thus, on information and belief, MSN Labs does substantial business in Delaware, derives substantial revenue from Delaware, and engages in other persistent courses of conduct in Delaware.  These continuous and systematic contacts, including, but not limited to, those described above and below, are more than sufficient for this Court to exercise personal jurisdiction over MSN Labs.

33.     On information and belief, MSN Labs maintains continuous and systematic contacts with Delaware through its U.S. subsidiary MSN Pharmaceuticals, which is organized under the laws of the State of Delaware.

34.     Furthermore, on information and belief, MSN Pharmaceuticals and MSN Labs have admitted or consented to, or not contested, the jurisdiction of this Court and/or have availed themselves of the rights, benefits, and privileges of this Court by asserting claims and counterclaims in prior District of Delaware actions. *See, e.g.*, *Biogen Int'l GmbH v. MSN Labs. Pvt. Ltd. and MSN Pharm. Inc.*, C.A. No. 1:18-cv-00337-LPS, D.I. 8 (D. Del.); *Onyx Therapeutics, Inc. v. MSN Labs. Pvt. Ltd. and MSN Pharm. Inc.*, C.A. No. 1:17-cv-01833-LPS, D.I. 8 (D. Del.); *Adverio Pharma GmbH v. MSN Labs. Pvt Ltd. and MSN Pharm. Inc.*, C.A. No. 18-111-LPS, D.I. 9 (D. Del.).

## IV.     VENUE

35.     Venue is proper in this judicial District under 28 U.S.C. § 1391(b) and (c) and § 1400(b) because MSN Pharmaceuticals is incorporated in the State of Delaware and MSN Labs is incorporated in India and may be sued in any judicial district in the United States in which MSN Labs is subject to the court's personal jurisdiction.  *See Koninklijke KPN N.V. v. Kyocera Corp.*, C.A. No. 17-cv-87-LPS, 2017 WL 6447873, *3 & n.5 (D. Del. Dec. 18, 2017).

## V.     THE PATENTS-IN-SUIT

### (U.S. PATENT NOS. RE46,604; 9,060,995; 9,539,234; 9,549,913; 9,730,910; 9,855,241; 10,071,977)

36.     The allegations above are incorporated herein by reference.

37.     The Asserted Patents cover the use of tasimelteon to treat patients with Non-24.

38.     As explained in the Asserted Patents, "Non-24 occurs when individuals, primarily blind with no light perception, are unable to synchronize their endogenous circadian

pacemaker to the 24-hour light/dark cycle.  Without light as a synchronizer, and because the period of the internal clock is typically a little longer than 24 hours, individuals with Non-24 experience their circadian drive to initiate sleep drifting later and later each day.  Individuals with Non-24 have abnormal night sleep patterns, accompanied by difficulty staying awake during the day."  As also explained in the Asserted Patents, "[t]he ultimate treatment goal for individuals with Non-24 is to entrain or synchronize their circadian rhythms into an appropriate phase relationship with the 24-hour day so that they will have increased sleepiness during the night and increased wakefulness during the daytime."

39.     The Asserted Patents explain that "Tasimelteon is a circadian regulator which binds specifically to two high affinity melatonin receptors, Mel1a (MT1R) and Mel1b (MT2R). These receptors are found in high density in the suprachiasmatic nucleus of the brain (SCN), which is responsible for synchronizing our sleep/wake cycle."

40.     The '977 patent covers purified tasimelteon and processes for obtaining the same.

41.     As explained in the '977 patent, "the synthesis of tasimelteon can result in a plurality of impurities following the end step synthesis" and that some such impurities "are potentially genotoxic and must be controlled to ppm levels in order for the bulk GMP [Good Manufacturing Practices] tasimelteon to be suitable for formulation into bulk pharmaceutical composition and subsequently distributed into pharmaceutical dosage units."

## U.S. Patent No. RE46,604

42.     Vanda is the owner of all rights, title, and interest in the RE604 patent, entitled "Treatment of Circadian Rhythm Disorders."  The USPTO duly and legally issued the RE604 patent (a reissue patent) on November 14, 2017, to Marlene M. Dressman, John J. Feeney, Louise W. Licamele, and Mihael H. Polymeropoulos as inventors, which was assigned to Vanda.  A true and correct copy of the RE604 patent is attached to this First Amended Complaint as Exhibit A.

8

43.     The RE604 patent generally claims methods of treating Non-24 by orally administering 20 mg of tasimelteon once daily before bedtime.  As an example, claim 1 of the RE604 patent claims: "A method of entraining a patient suffering from Non-24 to a 24 hour sleep-wake cycle in which the patient awakens at or near a target wake time following a daily sleep period of approximately 7 to 9 hours, and maintaining said 24 hour sleep-wake cycle said method comprising: treating the patient by orally administering to the patient 20 mg of tasimelteon once daily before a target bedtime."

44.     The RE604 patent also claims methods of treating Non-24 by avoiding the use of tasimelteon in combination with a CYP1A2 inhibitor, such as fluvoxamine.  As an example, claim 6 of the RE604 patent claims "The method of claim 1 further comprising: (i) first determining if the patient is also being treated with a CYP1A2 inhibitor, and (ii) if the patient is being treated with a CYP1A2 inhibitor, reducing the dose of the CYP1A2 inhibitor."  And claim 7 of the RE604 patent claims: "The method of claim 6 wherein the CYP1A2 inhibitor is ciprofloxacin, fluvoxamine, or verapamil."

## U.S. Patent No. 9,060,995

45.     Vanda is the owner of all rights, title, and interest in the '995 patent, entitled "Treatment of Circadian Rhythm Disorders."  The USPTO duly and legally issued the '995 patent on June 23, 2015, to Marlene M. Dressman, John J. Feeney, Louise W. Licamele, and Mihael H. Polymeropoulos as inventors, which was assigned to Vanda.  A true and correct copy of the '995 patent is attached to this First Amended Complaint as Exhibit B.

46.     The '995 patent generally claims a method of treating Non-24 by avoiding the use of tasimelteon in combination with fluvoxamine.  The sole claim, claim 1, claims "A method of entraining a light perception impaired patient suffering from Non-24-Hour Sleep-Wake Disorder to a 24-hour sleep-wake cycle in which the patient awakens at or near a target wake time following a daily sleep period of approximately 7 to 9 hours, wherein the patient is being treated with

fluvoxamine, the method comprising: (A) discontinuing the fluvoxamine treatment and then (B) orally treating the patient with 20 mg of tasimelteon once daily before a target bedtime, thereby avoiding the use of tasimelteon in combination with fluvoxamine."

## U.S. Patent No. 9,539,234

47.      Vanda is the owner of all rights, title and interest in the '234 patent, entitled "Treatment of Circadian Rhythm Disorders."  The USPTO duly and legally issued the '234 patent on January 10, 2017, to Marlene M. Dressman, John J. Feeney, Louise W. Licamele, and Mihael H. Polymeropoulos as inventors, which was assigned to Vanda.  A true and correct copy of the '234 patent is attached to this First Amended Complaint as Exhibit C.

48.      The '234 patent generally claims methods of treating Non-24 by avoiding the use of tasimelteon in combination with a strong CYP1A2 inhibitor.  For example, claim 3, which depends from claim 1, claims "The method of claim 1, that comprises treating the patient for Non-24-Hour Sleep-Wake Disorder wherein the patient is light perception impaired (LPI)."

## U.S. Patent No. 9,549,913

49.      Vanda is the owner of all rights, title, and interest in the '913 patent, entitled "Treatment of Circadian Rhythm Disorders."  The USPTO duly and legally issued the '913 patent on January 24, 2017, to Marlene M. Dressman, Louise W. Licamele, and Mihael H. Polymeropoulos as inventors, which was assigned to Vanda.  A true and correct copy of the '913 patent is attached to this First Amended Complaint as Exhibit D.

50.      The '913 patent generally claims methods of entraining a patient's cortisol circadian rhythm to a 24-hour circadian rhythm and maintaining that 24-hour circadian rhythm by orally administering to the patient tasimelteon once daily before a target bedtime.  For example, claim 1 claims "A method of entraining a patient's cortisol circadian rhythm to a 24-hour circadian rhythm and maintaining said 24-hour circadian rhythm, the method comprising: treating the patient by orally administering to the patient tasimelteon once daily before a target bedtime."  For example,

10

claim 4 claims "The method of claim 1, wherein the patient suffers from Non-24-Hour Sleep-Wake Disorder."

## U.S. Patent No. 9,730,910

51.     Vanda is the owner of all rights, title, and interest in the '910 patent, entitled "Treatment of Circadian Rhythm Disorders."  The USPTO duly and legally issued the '910 patent on August 15, 2017, to Marlene M. Dressman, John J. Feeney, Louise W. Licamele, and Mihael H. Polymeropoulos as inventors, which was assigned to Vanda.  A true and correct copy of the '910 patent is attached to this First Amended Complaint as Exhibit E.

52.     The '910 patent generally claims methods of treating Non-24 by avoiding the use of tasimelteon in combination with rifampin.  For example, claim 2, which depends from claim 1, claims "The method of claim 1 that comprises treating the patient for Non-24-Hour Sleep-Wake Disorder."  Claim 1 claims "A method of treating a patient for a circadian rhythm disorder wherein the patient is being treated with rifampicin, the method comprising: (A) discontinuing the rifampicin treatment and then (B) treating the patient with tasimelteon, thereby avoiding the use of tasimelteon in combination with rifampicin and also thereby avoiding reduced exposure to tasimelteon caused by induction of CYP3A4 by rifampicin."

53.     Rifampicin is also known as rifampin.

## U.S. Patent No. 9,855,241

54.     Vanda is the owner of all rights, title, and interest in the '241 patent, entitled "Treatment of Circadian Rhythm Disorders."  The USPTO duly and legally issued the '241 patent on January 2, 2018, to Marlene M. Dressman, Louise W. Licamele, and Mihael H. Polymeropoulos as inventors, which was assigned to Vanda.  A true and correct copy of the '241 patent is attached to this First Amended Complaint as Exhibit F.

55.     The '241 patent generally claims methods of synchronizing a patient's abnormal cortisol circadian rhythm and abnormal melatonin circadian rhythm with a natural

day/night cycle by treating the patient by orally administering to the patient an effective amount of tasimelteon once daily before a target bedtime.  For example, claim 4, which depends from claim 1, claims "The method of claim 1, wherein the patient suffers from Non-24-Hour Sleep-Wake Disorder."  Claim 1 claims "A method of synchronizing a patient's abnormal cortisol circadian rhythm and abnormal melatonin circadian rhythm with a natural day/night cycle, the method comprising: treating the patient by orally administering to the patient an effective amount of tasimelteon once daily before a target bedtime."

### U.S. Patent No. 10,071,977

56.     Vanda is the owner of all rights, title, and interest in the '977 patent, entitled "Highly Purified Pharmaceutical Grade Tasimelteon."  The USPTO duly and legally issued the '977 patent on September 11, 2018 to Deepak Phadke, Natalie M. Platt, and Ravi K. Pandrapragada, as inventors, which was assigned to Vanda.  A true and correct copy of the '977 patent is attached to this First Amended Complaint as Exhibit G.

57.     The '977 patent generally claims purified tasimelteon and processes for preparing the same.  For example, claim 1 claims "A process for synthesizing highly purified, pharmaceutical grade tasimelteon.  Claim 24 claims "Purified tasimelteon wherein the tasimelteon does not contain" certain enumerated impurities "at a concentration of greater than about 0.15%."

## VI.    COUNT I

### (INFRINGEMENT OF THE RE604 PATENT)

58.     The allegations above are incorporated herein by reference.

59.     MSN filed the MSN ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the RE604 patent and any extensions thereof.

60.     MSN's Notice Letter states that MSN filed the MSN ANDA seeking approval to manufacture, use, offer to sell, and sell generic tasimelteon in its 20 mg strength for the treatment

of Non-24 before the expiration of the RE604 patent.  The Notice Letter represents that MSN's

ANDA was submitted with a Paragraph IV Certification that the RE604 patent purportedly is

invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of

MSN's ANDA Product.

61.     MSN thus has actual knowledge of the RE604 patent.

62.     The FDA-approved HETLIOZ® Label instructs physicians that "HETLIOZ is

indicated for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24)."

63.     The HETLIOZ® Label further instructs physicians that "[t]he recommended

dosage of HETLIOZ is 20 mg per day taken before bedtime, at the same time every night."

64.     The HETLIOZ® Label further instructs physicians to "[a]void use of

HETLIOZ in combination with fluvoxamine or other strong CYP1A2 inhibitors because of a

potentially large increase in tasimelteon exposure and greater risk of adverse reactions."

65.     MSN's Detailed Statement does not provide any separate legal or factual

bases for stating that the RE604 patent will not be infringed by MSN's ANDA Product apart from

arguing that the RE604 patent is invalid.

66.     On information and belief, the MSN ANDA seeks approval for a 20 mg

tasimelteon oral capsule for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24).

67.     Thus, the use of HETLIOZ® and any generic tasimelteon for the treatment of

Non-24 is covered by the RE604 patent, and Vanda has the right to enforce the RE604 patent and

sue for infringement thereof.

68.     The RE604 patent is listed in the FDA's *Approved Drug Products with

Therapeutic Equivalence Evaluations* (the "Orange Book") for HETLIOZ® in its 20 mg strength.

69.     On information and belief, the MSN ANDA essentially copies the

HETLIOZ® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs,

recommends, encourages, and/or suggests physicians to infringe at least claims 1, 6, and 7 of the RE604 patent.

70.     On information and belief, MSN's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 1, 6, and 7 of the RE604 patent.

71.     MSN has infringed the RE604 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the MSN ANDA to FDA seeking to obtain approval for generic tasimelteon in its 20 mg strength for the treatment of Non-24, which is covered by one or more claims of the RE604 patent,  prior to the expiration of the RE604 patent.

72.     MSN Pharmaceuticals and MSN Labs are jointly and severally liable for the infringement of one or more claims of the RE604 patent.   On information and belief, MSN Pharmaceuticals and MSN Labs's participation in, contribution to, inducement of, aiding or abetting the submission of the MSN ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the RE604 patent under 35 U.S.C. § 271(e)(2)(A).

73.     The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the MSN ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the RE604 patent, including at least claims 1, 6, and 7 under 35 U.S.C. § 271(a), (b), and/or (c).

74.     Vanda seeks entry of an order requiring that MSN amend its Paragraph IV Certification in the MSN ANDA to a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(III) ("Paragraph III Certification") as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

75.     Vanda seeks entry of an order declaring that MSN has infringed the RE604 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

76.     Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the MSN ANDA be a date that is not earlier than the expiration of the RE604 patent or any later expiration of exclusivity for the RE604 patent to which Vanda becomes entitled.

77.     Vanda will be irreparably harmed if MSN is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the RE604 patent. Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

78.     On information and belief, MSN's statement of the factual and legal bases for its opinion regarding the invalidity and noninfringement of the RE604 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

79.     To the extent MSN commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

## VII.    COUNT II

## (INFRINGEMENT OF THE '995 PATENT)

80.     The allegations above are incorporated herein by reference.

81.     MSN filed the MSN ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the '995 patent and any extensions thereof.

82.     MSN's Notice Letter states that MSN filed the MSN ANDA seeking approval to manufacture, use, offer to sell, and sell generic tasimelteon in its 20 mg strength for the treatment of Non-24 before the expiration of the '995 patent.  The Notice Letter represents that the MSN ANDA was submitted with a Paragraph IV Certification that the '995 patent purportedly is invalid,

unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Product.

83.     MSN thus has actual knowledge of the '995 patent.

84.     The FDA-approved HETLIOZ® Label instructs physicians that "HETLIOZ is indicated for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24)."

85.     The HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ is 20 mg per day taken before bedtime, at the same time every night."

86.     The HETLIOZ® Label further instructs physicians to "[a]void use of HETLIOZ in combination with fluvoxamine or other strong CYP1A2 inhibitors because of a potentially large increase in tasimelteon exposure and greater risk of adverse reactions."

87.     MSN's Detailed Statement does not provide any separate legal or factual bases for stating that the '995 patent will not be infringed by MSN's ANDA Product apart from arguing that the '995 patent is invalid.

88.     On information and belief, the MSN ANDA seeks approval for a 20 mg tasimelteon oral capsule for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24).

89.     Thus, the use of HETLIOZ® and any generic tasimelteon for the treatment of Non-24 is covered by the '995 patent, and Vanda has the right to enforce the '995 patent and sue for infringement thereof.

90.     The '995 patent is listed in the Orange Book for HETLIOZ® in its 20 mg strength.

91.     On information and belief, the MSN ANDA essentially copies the HETLIOZ® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians to infringe claim 1 of the '995 patent.

92.     On information and belief, MSN's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe claim 1 of the '995 patent.

93.     MSN has infringed the '995 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the MSN ANDA to FDA seeking to obtain approval for generic tasimelteon in its 20 mg strength for the treatment of Non-24, which is covered by claim 1 of the '995 patent,  prior to the expiration of the '995 patent.

94.     MSN Pharmaceuticals and MSN Labs are jointly and severally liable for the infringement of one or more claims of the '995 patent.   On information and belief, MSN Pharmaceuticals and MSN Labs's participation in, contribution to, inducement of, aiding or abetting the submission of the MSN ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the '995 patent under 35 U.S.C. § 271(e)(2)(A).

95.     The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the MSN ANDA would infringe directly or contribute to or induce the infringement of claim 1 of the '995 patent under 35 U.S.C. § 271(a), (b), and/or (c).

96.     Vanda seeks entry of an order requiring that MSN amend its Paragraph IV Certification in the MSN ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

97.     Vanda seeks entry of an order declaring that MSN has infringed the '995 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

98.     Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the MSN ANDA be a date that is not earlier than the expiration of the '995 patent or any later expiration of exclusivity for the '995 patent to which Vanda becomes entitled.

99.     Vanda will be irreparably harmed if MSN is not enjoined from infringing or actively inducing or contributing to infringement of claim 1 of the '995 patent.  Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

100.    On information and belief, MSN's statement of the factual and legal basis for its opinion regarding the invalidity and noninfringement of the '995 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

101.    To the extent MSN commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

## VIII.    COUNT III

## (INFRINGEMENT OF THE '234 PATENT)

102.    The allegations above are incorporated herein by reference.

103.    MSN filed the MSN ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the '234 patent, and any extensions thereof.

104.    MSN's Notice Letter states that MSN filed the MSN ANDA seeking approval to manufacture, use, offer to sell, and sell generic tasimelteon in its 20 mg strength for the treatment of Non-24 before the expiration of the '234 patent.  The Notice Letter represents that the MSN ANDA was submitted with a Paragraph IV Certification that the '234 patent purportedly is invalid, unenforceable, and/or  will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Product.

105.    MSN thus has actual knowledge of the '234 patent.

106.    The FDA-approved HETLIOZ® Label instructs physicians that "HETLIOZ is indicated for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24)."

107.    The HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ is 20 mg per day taken before bedtime, at the same time every night."

108.    The HETLIOZ® Label further instructs physicians to "[a]void use of HETLIOZ in combination with fluvoxamine or other strong CYP1A2 inhibitors because of a potentially large increase in tasimelteon exposure and greater risk of adverse reactions," and to "[a]void use of HETLIOZ in combination with strong CYP1A2 inhibitors because of increased exposure."

109.    MSN's Detailed Statement does not provide any separate legal or factual bases for stating that the '234 patent will not be infringed by MSN's ANDA Product apart from arguing that the '234 patent is invalid.

110.    On information and belief, the MSN ANDA seeks approval for a 20mg tasimelteon oral capsule for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24).

111.    Thus, the use of HETLIOZ® and any generic tasimelteon for the treatment of Non-24 is covered by the '234 patent, and Vanda has the right to enforce the '234 patent and sue for infringement thereof.

112.    The '234 patent is listed in the Orange Book for HETLIOZ® in its 20 mg strength.

113.    On information and belief, the MSN ANDA essentially copies the HETLIOZ® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians to infringe at least claim 3 of the '234 patent.

114.    On information and belief, MSN's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 3 of the '234 patent.

115.    MSN has infringed the '234 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the MSN ANDA to FDA seeking to obtain approval for generic tasimelteon in

its 20 mg strength, for the treatment of Non-24, which is covered by one or more claims of the '234 patent, prior to the expiration of the '234 patent.

116.   MSN Pharmaceuticals and MSN Labs are jointly and severally liable for the infringement of one or more claims of the '234 patent.   On information and belief, MSN Pharmaceuticals and MSN Labs's participation in, contribution to, inducement of, aiding or abetting the submission of the MSN ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the '234 patent under 35 U.S.C. § 271(e)(2)(A).

117.   The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the MSN ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '234 patent, including at least claim 3, under 35 U.S.C. § 271(a), (b), and/or (c).

118.   Vanda seeks entry of an order requiring that MSN amend its Paragraph IV Certification in the MSN ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

119.   Vanda seeks entry of an order declaring that MSN has infringed the '234 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

120.   Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the MSN ANDA be a date that is not earlier than the expiration of the '234 patent or any later expiration of exclusivity for the '234 patent to which Vanda becomes entitled.

121.   Vanda will be irreparably harmed if MSN is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '234 patent.   Pursuant

to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

122.    On information and belief, MSN's statement of the factual and legal basis for its opinion regarding the invalidity and noninfringement of the '234 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

123.    To the extent MSN commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

## IX.    COUNT IV

### (INFRINGEMENT OF THE '913 PATENT)

124.    The allegations above are incorporated herein by reference.

125.    MSN filed the MSN ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the '913 patent and any extensions thereof.

126.    MSN's Notice Letter states that MSN filed the MSN ANDA seeking approval to manufacture, use, offer to sell, and sell generic tasimelteon in its 20 mg strength for the treatment of Non-24 before the expiration of the '913 patent.  The Notice Letter represents that the MSN ANDA was submitted with a Paragraph IV Certification that the '913 patent purportedly is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Product.

127.    MSN thus has actual knowledge of the '913 patent.

128.    The FDA-approved HETLIOZ® Label instructs physicians that "HETLIOZ is indicated for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24)."

129.     The HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ is 20 mg per day taken before bedtime, at the same time every night."

130.     MSN's Detailed Statement does not provide any separate legal or factual bases for stating that the '913 patent will not be infringed by MSN's ANDA Product apart from arguing that the '913 patent is invalid.

131.     On information and belief, the MSN ANDA seeks approval for a 20 mg tasimelteon oral capsule for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24).

132.     Thus, the use of HETLIOZ® and any generic tasimelteon for the treatment of Non-24 is covered by the '913 patent, and Vanda has the right to enforce the '913 patent and sue for infringement thereof.

133.     The '913 patent is listed in the Orange Book for HETLIOZ® in its 20 mg strength.

134.     On information and belief, the MSN ANDA essentially copies the HETLIOZ® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians to infringe at least claims 1 and 4 of the '913 patent.

135.     On information and belief, MSN's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 1 and 4 of the '913 patent.

136.     MSN has infringed the '913 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the MSN ANDA to FDA seeking to obtain approval for generic tasimelteon, in its 20 mg strength, for the treatment of Non-24, which is covered by one or more claims of the '913 patent, prior to the expiration of the '913 patent.

137.     MSN Pharmaceuticals and MSN Labs are jointly and severally liable for the infringement of one or more claims of the '913 patent.   On information and belief, MSN

Pharmaceuticals and MSN Labs's participation in, contribution to, inducement of, aiding or abetting the submission of the MSN ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the '913 patent under 35 U.S.C. § 271(e)(2)(A).

138.    The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the MSN ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '913 patent, including at least claims 1 and 4, under 35 U.S.C. § 271(a), (b), and/or (c).

139.    Vanda seeks entry of an order requiring that MSN amend its Paragraph IV Certification in the MSN ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

140.    Vanda seeks entry of an order declaring that MSN has infringed the '913 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

141.    Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the MSN ANDA be a date that is not earlier than the expiration of the '913 patent or any later expiration of exclusivity for the '913 patent to which Vanda becomes entitled.

142.    Vanda will be irreparably harmed if MSN is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '913 patent.  Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

143.    On information and belief, MSN's statement of the factual and legal basis for its opinion regarding the invalidity and noninfringement of the '913 patent is devoid of an objective

good faith basis in either the facts or the law.  This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

144.   To the extent MSN commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

## X.   COUNT V

### (INFRINGEMENT OF THE '910 PATENT)

145.   The allegations above are incorporated herein by reference.

146.   MSN filed the MSN ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the '910 patent and any extensions thereof.

147.   MSN's Notice Letter states that MSN filed the MSN ANDA seeking approval to manufacture, use, offer to sell, and sell generic tasimelteon in its 20 mg strength for the treatment of Non-24 before the expiration of the '910 patent.  The Notice Letter represents that the MSN ANDA was submitted with a Paragraph IV Certification that the '910 patent purportedly is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Product.

148.   MSN thus has actual knowledge of the '910 patent.

149.   The FDA-approved HETLIOZ® Label instructs physicians that "HETLIOZ is indicated for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24)."

150.   The HETLIOZ® Label further instructs physicians that "The recommended dosage of HETLIOZ is 20 mg per day taken before bedtime, at the same time every night."

151.   The HETLIOZ® Label further instructs physicians to "Avoid use of HETLIOZ in combination with rifampin or other CYP3A4 inducers because of a potentially large decrease in tasimelteon exposure with reduced efficacy," and to "Avoid use of HETLIOZ in combination with rifampin or other CYP3A4 inducers, because of decreased exposure."

152.    MSN's Detailed Statement does not provide any separate legal or factual bases for stating that the '910 patent will not be infringed by MSN's ANDA Product apart from arguing that the '910 patent is invalid.

153.    On information and belief, the MSN ANDA seeks approval for a 20 mg tasimelteon oral capsule for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24).

154.    Thus, the use of HETLIOZ® and any generic tasimelteon for the treatment of Non-24 is covered by the '910 patent, and Vanda has the right to enforce the '910 patent and sue for infringement thereof.

155.    The '910 patent is listed in the Orange Book for HETLIOZ® in its 20 mg strength.

156.    On information and belief, the MSN ANDA essentially copies the HETLIOZ® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians to infringe at least claim 2 of the '910 patent.

157.    On information and belief, MSN's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 2 of the '910 patent.

158.    MSN has infringed the '910 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the MSN ANDA to FDA seeking to obtain approval for generic tasimelteon, in its 20 mg strength, for the treatment of Non-24, which is covered by one or more claims of the '910 patent, prior to the expiration of the '910 patent.

159.    MSN Pharmaceuticals and MSN Labs are jointly and severally liable for the infringement of one or more claims of the '910 patent.   On information and belief, MSN Pharmaceuticals and MSN Labs's participation in, contribution to, inducement of, aiding or abetting the submission of the MSN ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the '910 patent under 35 U.S.C. § 271(e)(2)(A).

25

160.     The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the MSN ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '910 patent, including at least claim 2, under 35 U.S.C. § 271(a), (b), and/or (c).

161.     Vanda seeks entry of an order requiring that MSN amend its Paragraph IV Certification in the MSN ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

162.     Vanda seeks entry of an order declaring that MSN has infringed the '910 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

163.     Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the MSN ANDA be a date that is not earlier than the expiration of the '910 patent or any later expiration of exclusivity for the '910 patent to which Vanda becomes entitled.

164.     Vanda will be irreparably harmed if MSN is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '910 patent.  Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

165.     On information and belief, MSN's statement of the factual and legal basis for its opinion regarding the invalidity and noninfringement of the '910 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

166.     To the extent MSN commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

## XI.    COUNT VI

## (INFRINGEMENT OF THE '241 PATENT)

167.    The allegations above are incorporated herein by reference.

168.    MSN filed the MSN ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the '241 patent and any extensions thereof.

169.    MSN's Notice Letter states that MSN filed the MSN ANDA seeking approval to manufacture, use, offer to sell, and sell generic tasimelteon in its 20 mg strength for the treatment of Non-24 before the expiration of the '241 patent.  The Notice Letter represents that the MSN ANDA was submitted with a Paragraph IV Certification that the '241 patent purportedly is invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of MSN's ANDA Product.

170.    MSN thus has actual knowledge of the '241 patent.

171.    The FDA-approved HETLIOZ® Label instructs physicians that "HETLIOZ is indicated for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24)."

172.    The HETLIOZ® Label further instructs physicians that "[t]he recommended dosage of HETLIOZ is 20 mg per day taken before bedtime, at the same time every night."

173.    MSN's Detailed Statement does not provide any separate legal or factual bases for stating that the '241 patent will not be infringed by MSN's ANDA Product apart from arguing that the '241 patent is invalid.

174.    On information and belief, the MSN ANDA seeks approval for a 20 mg tasimelteon oral capsule for the treatment of Non-24-Hour Sleep-Wake Disorder (Non-24).

175.    Thus, the use of HETLIOZ® and any generic tasimelteon for the treatment of Non-24 is covered by the '241 patent, and Vanda has the right to enforce the '241 patent and sue for infringement thereof.

176.    The '241 patent is listed in the Orange Book for HETLIOZ® in its 20 mg strength.

177.    On information and belief, the MSN ANDA essentially copies the HETLIOZ® Label as required by FDA, *see* 21 C.F.R. § 314.94(a)(iv), and therefore instructs, recommends, encourages, and/or suggests physicians to infringe at least claim 4 of the '241 patent.

178.    On information and belief, MSN's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claim 4 of the '241 patent.

179.    MSN has infringed the '241 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the MSN ANDA to FDA seeking to obtain approval for generic tasimelteon, in its 20 mg strength, for the treatment of Non-24, which is covered by one or more claims of the '241 patent, prior to the expiration of the '241 patent.

180.    MSN Pharmaceuticals and MSN Labs are jointly and severally liable for the infringement of one or more claims of the '241 patent.   On information and belief, MSN Pharmaceuticals and MSN Labs's participation in, contribution to, inducement of, aiding or abetting the submission of the MSN ANDA and its Paragraph IV Certification to FDA constitutes direct, contributory, or induced infringement of one or more claims of the '241 patent under 35 U.S.C. § 271(e)(2)(A).

181.    The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the MSN ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '241 patent, including at least claim 4, under 35 U.S.C. § 271(a), (b), and/or (c).

182.    Vanda seeks entry of an order requiring that MSN amend its Paragraph IV Certification in the MSN ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

28

183.    Vanda seeks entry of an order declaring that MSN has infringed the '241 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

184.    Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the MSN ANDA be a date that is not earlier than the expiration of the '241 patent, or any later expiration of exclusivity for the '241 patent to which Vanda becomes entitled.

185.    Vanda will be irreparably harmed if MSN is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '241 patent.  Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

186.    On information and belief, MSN's statement of the factual and legal basis for its opinion regarding the invalidity and noninfringement of the '241 patent is devoid of an objective good faith basis in either the facts or the law.  This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

187.    To the extent MSN commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

## XII.    COUNT VII

## (INFRINGEMENT OF THE '977 PATENT)

188.    The allegations above are incorporated herein by reference.

189.    MSN filed the MSN ANDA under § 505(j) of the FFDCA to obtain approval to commercially manufacture, use, offer to sell, and sell generic tasimelteon for the treatment of Non-24 before the expiration of the '977 patent and any extensions thereof.

190.    The '977 patent is listed in the Orange Book for HETLIOZ® in its 20 mg strength and ANDA applicants generally must amend or supplement ANDAs to submit an

appropriate patent certification for patents that issue after submission of the ANDA pursuant to 21 U.S.C. § 355(j)(2)(B)(ii)(II) and 21 C.F.R. § 314.94(a)(12)(viii)(C)(ii).

191.    MSN thus has actual knowledge of the '977 patent.

192.    Vanda has the right to enforce the '977 patent and sue for infringement thereof.

193.    On information and belief, MSN has made and will continue to make substantial and meaningful preparations to import into the United States and/or offer to sell, sell, and/or use within the United States products which are made by a process or using purified tasimelteon patented by the '977 patent.

194.    On information and belief, MSN's preparations include, but are not limited to, the development of MSN's ANDA Product, systematically attempting to meet the applicable regulatory requirements for approval of MSN's ANDA Product, and engaging in litigation to manufacture, offer to sell, sell, use, and/or import MSN's ANDA Product prior to the expiration of the '977 patent.

195.    On information and belief, MSN intends to use the processes and purified tasimelteon claimed in the '977 patent to prepare the tasimelteon in MSN's ANDA Product.

196.    On information and belief, the tasimelteon in MSN's ANDA Product is intact and without material change from the tasimelteon resulting from the processes of the '977 patent.

197.    On information and belief, the tasimelteon resulting from the processes of the '977 patent is an essential part of MSN's ANDA Product.

198.    On information and belief, the tasimelteon resulting from the processes of the '977 patent is not a trivial or non-essential component of another product.

199.    On information and belief, MSN's ANDA Product is covered by one or more claims of the '977 patent.

200.    On information and belief, MSN's ANDA Product is not a staple article of commerce and has no substantial uses that do not infringe at least claims 1, 18, 22, 23, and 24 of the '977 patent.

201.    MSN has infringed and will infringe the '977 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its submission of the MSN ANDA, and any amendments thereto, to FDA seeking to obtain approval for generic tasimelteon covered by one or more claims of the '977 patent, prior to the expiration of the '977 patent.

202.    The commercial manufacture, use, offer to sell, sale, distribution, or importation of products under the MSN ANDA would infringe directly or contribute to or induce the infringement of one or more claims of the '977 patent, including at least claims 1, 18, 22, 23, and 24, under 35 U.S.C. § 271(a), (b), (c), and/or (g).

203.    On information and belief, MSN will induce others to infringe and/or contribute to the infringement of at least claims 1, 18, 22, 23, and 24 of the '977 patent under 35 U.S.C. § 271(b) and/or (c) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to the manufacturer of MSN's ANDA products, or its Active Pharmaceutical Ingredient ("API"), or other subsequence purchasers, distributors, or users thereof, which product or its manufacture constitutes direct infringement of at least claims 1, 18, 22, 23, and 24 of the '977 patent.

204.    On information and belief, MSN's aiding and abetting includes MSN's engagement of, contracting of, and/or encouragement of others to engage in the manufacture, use, sale, or importation of MSN's ANDA Product.

205.    On information and belief, MSN will induce others to infringe and/or contribute to the infringement of at least claims 1, 18, 22, 23, and 24 of the '977 patent under §

271(b) and/or (c) by making, using, selling, offering to sell, and/or importing MSN's ANDA Product and/or the API thereof.

206.    On information and belief, subsequent purchasers, distributors or users thereof will also directly infringe at least claims 1, 18, 22, 23, and 24 of the '977 patent.

207.    On information and belief MSN will infringe at least claim 1 of the '977 patent under 35 U.S.C. § 271(g) by importing, selling, offering to sell, or using MSN's ANDA Product or the API for MSN's ANDA Product.

208.    On information and belief, MSN's ANDA Product and/or the API for MSN's ANDA Product is not materially changed by subsequent process.

209.    On information and belief, MSN's ANDA Product and the API for MSN's ANDA Product are not a trivial or non-essential component of another product.

210.    Vanda seeks entry of an order requiring that MSN amend its Paragraph IV Certification in the MSN ANDA to a Paragraph III Certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A).

211.    Vanda seeks entry of an order declaring that MSN has infringed the '977 patent by virtue of submitting its ANDA pursuant to 35 U.S.C. § 271(e)(2)(A).

212.    Vanda seeks entry of an order pursuant to 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of any FDA approval of the MSN ANDA be a date that is not earlier than the expiration of the '977 patent, or any later expiration of exclusivity for the '977 patent to which Vanda becomes entitled.

213.    Vanda will be irreparably harmed if MSN is not enjoined from infringing or actively inducing or contributing to infringement of one or more claims of the '977 patent.  Pursuant to 35 U.S.C. § 283, Vanda is entitled to a permanent injunction against further infringement.  Vanda does not have an adequate remedy at law.

214.    This case is exceptional and Vanda is entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

215.    To the extent MSN commercializes its product, Vanda will also be entitled to damages under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Vanda respectfully requests that this Court enter judgment in its favor against MSN and grant the following relief:

A.    an adjudication that MSN has infringed directly, contributed to, or induced the infringement of one or more claims of the RE604 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the MSN ANDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 before the expiration of the RE604 patent;

B.    an adjudication that MSN has infringed directly, contributed to, or induced the infringement of one or more claims of the '995 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the MSN ANDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 before the expiration of the '995 patent;

C.    an adjudication that MSN has infringed directly, contributed to, or induced the infringement of one or more claims of the '234 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the MSN ANDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 before the expiration of the '234 patent;

D.    an adjudication that MSN has infringed directly, contributed to, or induced the infringement of one or more claims of the '913 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the MSN ANDA to obtain approval for the commercial manufacture, use, offer

for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 before the expiration of the '913 patent;

E.   an adjudication that MSN has infringed directly, contributed to, or induced the infringement of one or more claims of the '910 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the MSN ANDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '910 patent;

F.   an adjudication that MSN has infringed directly, contributed to, or induced the infringement of one or more claims of the '241 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the MSN ANDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 before the expiration of the '241 patent;

G.   an adjudication that MSN has infringed directly, contributed to, or induced the infringement of one or more claims of the '977 patent under 35 U.S.C. § 271(e)(2)(A) by submitting to FDA the MSN ANDA to obtain approval for the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of generic tasimelteon for the treatment of Non-24 before the expiration of the '977 patent;

H.   a declaration that MSN will infringe directly, contribute to, or induce the infringement of one or more claims of the RE604 patent under 35 U.S.C. § 271(a), (b), and/or (c) if it markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the RE604 patent;

I.   a declaration that MSN will infringe directly, contribute to, or induce the infringement of one or more claims of the '995 patent under 35 U.S.C. § 271(a), (b), and/or (c) if it

markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '995 patent;

J.    a declaration that MSN will infringe directly, contribute to, or induce the infringement of one or more claims of the '234 patent under 35 U.S.C. § 271(a), (b), and/or (c) if it markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '234 patent;

K.    a declaration that MSN will infringe directly, contribute to, or induce the infringement of one or more claims of the '913 patent under 35 U.S.C. § 271(a), (b), and/or (c) if it markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '913 patent;

L.    a declaration that MSN will infringe directly, contribute to, or induce the infringement of one or more claims of the '910 patent under 35 U.S.C. § 271(a), (b), and/or (c) if it markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '910 patent;

M.    a declaration that MSN will infringe directly, contribute to, or induce the infringement of one or more claims of the '241 patent under 35 U.S.C. § 271(a), (b), and/or (c) if it markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '241 patent;

N.    a declaration that MSN will infringe directly, contribute to, or induce the infringement of one or more claims of the '977 patent under 35 U.S.C. § 271(a), (b),  (c), and/or (g) if it markets, manufactures, uses, offers for sale, sells, distributes in, or imports into the United States generic tasimelteon for the treatment of Non-24 before the expiration of the '977 patent;

O.    an order requiring that MSN amend its Paragraph IV Certification to a Paragraph III certification as provided in 21 C.F.R. § 314.94(a)(12)(viii)(A);

P.      an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the MSN ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the RE604 patent or any later period of exclusivity to which Vanda is or may become entitled;

Q.      an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the MSN ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the '995 patent or any later period of exclusivity to which Vanda is or may become entitled;

R.      an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the MSN ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the '234 patent or any later period of exclusivity to which Vanda is or may become entitled;

S.      an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the MSN ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the '913 patent or any later period of exclusivity to which Vanda is or may become entitled;

T.      an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the MSN ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the '910 patent or any later period of exclusivity to which Vanda is or may become entitled;

U.      an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the MSN ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the '241 patent or any later period of exclusivity to which Vanda is or may become entitled;

V.      an order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the MSN ANDA for generic tasimelteon be a date that is not earlier than the date of the expiration of the '977 patent or any later period of exclusivity to which Vanda is or may become entitled;

W.      a permanent injunction enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the RE604 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA;

X.      a permanent injunction enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '995 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA;

Y.      a permanent injunction enjoining MSN, their officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '234 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA;

Z.      a permanent injunction enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '913 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA;

AA.    a permanent injunction enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '241 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA;

BB.    a permanent injunction enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '910 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA;

CC.    a permanent injunction enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '977 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA;

DD.    an order enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the RE604 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA while the litigation is pending;

EE.    an order enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '995 patent, or contributing to or inducing anyone to do the same,

including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA while the litigation is pending;

FF. an order enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '913 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA while the litigation is pending;

GG. an order enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '234 patent, contributing to, or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA while the litigation is pending;

HH. an order enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '241 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA while the litigation is pending;

II. an order enjoining MSN, its officers, agents, servants, employees, attorneys, affiliates, divisions, subsidiaries, and those persons in active concert or participation with any of them from infringing the '977 patent, or contributing to or inducing anyone to do the same, including the manufacture, use, offer to sell, sale, distribution, or importation of any current or future versions of the product described in the MSN ANDA while the litigation is pending;

JJ. an assessment of pre-judgment and post-judgment interest and costs against MSN, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

KK.     an award to Vanda of its attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

LL.     such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____

Karen Jacobs (#2881)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@mnat.com
dfahnestock@mnat.com

OF COUNSEL:

Nicholas Groombridge
Eric Alan Stone
Kira A. Davis
Josephine Young
Daniel J. Klein
Jennifer Rea Deneault
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

*Attorneys for Plaintiff*
*Vanda Pharmaceuticals Inc.*

December 11, 2018